UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**PATRICK BYRNE,**

    Plaintiff,

vs.                                  CASE NO.

**LIBERTY LIFE ASSURANCE
COMPANY OF BOSTON,**

    Defendant.

_____/

## COMPLAINT

COMES NOW the Plaintiff, PATRICK BYRNE, ("Mr. Byrne"), by and through the undersigned attorney, and sues the Defendant, LIBERTY LIFE ASSURANCE COMPANY OF BOSTON ("Liberty Life") and alleges as follows:

## GENERAL ALLEGATIONS

1. This is an action for relief under the Employee Retirement Income Security Act ("ERISA"), as amended, 29 U.S.C. §§1001, et seq.

2. This Court has jurisdiction pursuant to 29 U.S.C. §1132(e).

3. ERISA provides for nationwide service of process. 29 U.S.C. §1132(e)(2).

4. This Court has venue pursuant to 29 U.S.C. §1132(e)(2). In particular, in ERISA actions, venue is proper where a defendant resides or may be found. Here, Liberty Life can be found in the state of Florida as well as in the county of Hillsborough. It is an authorized insurer in the state of Florida and has agents in Hillsborough County, Florida. See attached Exhibit "A."

5. Mr. Byrne is and/or was a participant in each of the plans, funds, programs or arrangements described herein.

6. Mr. Byrne was an employee of Siemens Corporation ("Siemens" or "Employer") and as such he was insured through a group disability policy issued to Siemens by Liberty Life.

7. The Employer is the Plan Sponsor and Plan Administrator of the employee welfare benefit plan providing long term disability benefits.

8. The "Plan" is a welfare benefit plan established under ERISA to provide long term disability benefits to those participants who satisfy the terms and conditions of the Plan to receive such benefits.

9. A copy of what purports to be the applicable Plan document is attached hereto as Exhibit "B."

10. Liberty Life is the claims administrator, it makes the "full and fair" final review of claims and it insures the payment of benefits under the Plan.

11. Liberty Life denied and/or terminated Mr. Byrne's claim finding that he was not disabled under the terms of the Plan. Liberty Life's last denial letter is dated July 15, 2019.

12. With respect to the claims made herein, Mr. Byrne has exhausted his administrative remedies and/or exhaustion has been excused or is waived.

## COUNT I
### (Action for Plan Benefits 29 U.S.C. §1132(a)(1)(B))

Mr. Byrne incorporates the allegations contained in paragraphs 1 through 12 above, and further states:

13. The Plan provided for the payment of long term disability benefits in the event Mr. Byrne became disabled as defined in the Plan. The Plan also provided for the continuation of other benefits in the event of disability. The other benefits are described with particularity in the applicable plan documents for those plans.

14. Mr. Byrne was and is disabled as defined by the Plan at all times material hereto.

15. Mr. Byrne made a claim for Plan benefits. Said claim for benefits was terminated or denied.

16. Mr. Byrne is entitled to Plan benefits.

17. Liberty Life has failed and refused to pay Mr. Byrne sums due pursuant to the terms of the Plan, breaching the terms of said Plan.

18. Because of the failure to pay benefits pursuant to the terms of the Plan, Mr. Byrne has been forced to retain the undersigned attorneys and is obligated to pay them a reasonable attorney's fee. Mr. Byrne is entitled to recover attorney's fees as authorized by 29 U.S.C. §1132(g).

WHEREFORE, Plaintiff, Mr. Byrne, prays for relief from Defendant, Liberty Life for the payment of disability benefits, reinstatement to all other benefits, including the waiver of premiums as if benefits had never been terminated or denied, plus attorney's fees and costs and any other such further relief as the Court deems proper.

Date: February 3, 2020

    /s/Gregory D. Swartwood
Gregory D. Swartwood, Esquire
Florida Bar No. 858625
The Nation Law Firm, LLP
570 Crown Oak Centre Drive
Longwood, FL 32750
Telephone: (407) 339-1104

Facsimile:  (407) 339-1118
E-Mail:  gswartwood@nationlaw.com
Attorneys for Plaintiff